IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:13-CR-00200-MAC-CAN |
| | § | |
| GILBERTO JESUS MORALES (4), ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Gilberto Jesus Morales's ("Defendant") Motion to Compel the United States to Remove Separation Orders ("Motion") [Dkt. 1286]. Pursuant to 28 U.S.C. § 636(b), this matter has been referred by the District Court to the undersigned for consideration and recommended dispositions [Dkt. 1287]. After considering the Motion, the Response [Dkt. 1290], the Reply [Dkt. 1293], and all other relevant filings, the Court recommends that Defendant's Motion to Compel the United States to Remove Separation Orders [Dkt. 1286] be **DENIED**.

### RELEVANT BACKGROUND

Defendant pleaded guilty to the offense of conspiracy to possess with intent to distribute heroin on November 5, 2015 [Dkt. 1028]. The Court entered judgment on Defendant's plea on April 20, 2016 [Dkt. 1181]. Subsequently, on October 14, 2016, Defendant filed the instant Motion *pro se*, seeking "an order directing the United States to remove separation orders with his two brothers," who are co-defendants in the present case [Dkt. 1286]. The Court then entered orders directing responsive filings [Dkts. 1288; 1292]. The United States (hereinafter the "Government") filed its Response to the Defendant's Motion to Compel ("Response") [Dkt. 1290] on November 4, 2016, and on November 28, 2016, Defendant filed his Response to the Court's Order on Separation Motion ("Reply") [Dkt. 1293].

## ANALYSIS

Defendant asserts that, after he "submitted a request to his case manager to correspond with his two brothers via E-mail, general and legal correspondances [sic][,]" [Dkt. 1286 at 1] he "was advised that the United States [had] entered an order in his central file separating and restrict[ing] communications with his two brothers" [Dkt. 1293 at 1]. Defendant contends the separation order(s) place him "at a significant and unfair disadvantage in invoking his First Amendment rights to freely corrspond [sic] with his two brothers" [Dkt. 1286 at 1]. The Government responds that Defendant's claim constitutes a challenge to the conditions of his confinement, which "must be made in a separate civil action after exhaustion of administrative remedies" [Dkt. 1290 at 1 (internal quotations omitted)]. The Government asserts Defendant presents his request to the Court prematurely, as Defendant has not shown that he has exhausted the Bureau of Prisons' "administrative-remedy scheme set forth at 28 C.F.R. § 542.10 *et seq.*" as prescribed by 42 U.S.C. § 1997e(a) [Dkt. 1290 at 2]. Defendant argues in reply that he "is not required to file [for] any administrative remedies since the Bureau of [P]risons (BOP) is not the one who order[ed] or directed the restriction on communications" [Dkt. 1293 at 1]. Defendant concedes he "has not commence[d] any administrative remedies with the BOP," but maintains such proceedings cannot provide the relief he seeks [Dkt. 1293 at 2].

The Prison Litigation Reform Act ("PLRA") provides that prisoners may not commence any court action under federal law "with respect to prison conditions" without first exhausting all available administrative remedies. 28 U.S.C. § 1997e(a). The U.S. Supreme Court has explained this PLRA exhaustion requirement as follows:

> The current exhaustion provision [in § 1997e(a)] differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. . . . All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." . . . Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. . . . And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action [s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law." . . . Thus federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.

*Porter v. Nussle*, 534 U.S. 516, 524 (2002). The *Porter* Court then held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532; *see also United States v. Carmichael*, 343 F.3d 756, 760-61 (5th Cir. 2003) (applying this requirement to a defendant's arguments in underlying criminal case). Where a prisoner complains about the conditions of his or her confinement, federal regulations prescribe administrative procedures through which the prisoner may air grievances internally through the BOP. 28 C.F.R. §§ 542.10-542.19; *see Shipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (per curiam) (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies under these regulations). Because a separation order imposes certain conditions on a prisoner's confinement (by defining the extent of the prisoner's relation with other prisoners), the Court finds a prisoner's challenge to a separation order constitutes a challenge to the conditions of the prisoner's confinement. *See United States v. Henry*, No.06-33-01, 2008 WL 2795140, at *9-11 (E.D. Pa. July 17, 2008) (finding challenge to "government-requested 'protective order' separating [defendant] from his co-defendant and brother" a challenge to prison conditions). Accordingly, a prisoner must show he or she has challenged a separation order through the

appropriate administrative procedures and has exhausted his or her remedies through those processes prior to challenging such order in court. *See, e.g.*, *Carmichael*, 343 F.3d at 760-61; *Henry*, 2008 WL 2795140, at *9-11.

In the present case Defendant has not shown he exhausted his administrative remedies prior to filing the Motion [Dkt. 1286]. Indeed, Defendant admits as much [Dkt. 1293 at 2]. Defendant argues, however, that pursing his claim internally with BOP would be fruitless, as it is the Government, not BOP, that imposes the separation order(s) challenged here [Dkt. 1293 at 2]. But the U.S. Supreme Court has made clear that "[e]ven when the prisoner seeks relief not available in the grievance proceedings, . . . exhaustion is [nevertheless] a prerequisite to suit." *Porter*, 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 741 & n.6 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Another court has found under similar circumstances a prisoner's motion in his criminal case should be denied for his failure to demonstrate he exhausted administrative remedies. *See Henry*, 2008 WL 2795140, at *9-11. The Court finds the same here: Defendant's Motion should be dismissed for his failure to show he has exhausted available administrative remedies.[1]

---

[1] The Court notes, as well, that neither Defendant nor the Government has proffered a copy or otherwise identified in the record the alleged separation orders of which Defendant complains. Even assuming Defendant had exhausted his administrative remedies and had followed the appropriate procedure for bringing his claims before the Court, without access to or identification of the separation order(s), the Court could not appropriately consider Defendant's claims. *Cf. Ashford v. United States*, 463 F. App'x 387, 393-94 (5th Cir. 2012) (per curiam) (finding in Federal Tort Claims Act context that a court need not consider separation orders as against evidence in the court's record where the separation orders are not also reflected on the record).

## CONCLUSION AND RECOMMENDATION

In light of the foregoing, the Court recommends Defendant's Motion [Dkt. 1286] be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this 20th day of March, 2017.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE